WILLIE JONES, Adm'r of the Estate of Colleen Jones, Petitioner-Appellant, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Respondents-Appellees.

Second District   No. 2—87—0045

Opinion filed October 19, 1987.—Rehearing denied December 16, 1987.

G. Douglas Grimes, of Waukegan, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Jill Deutsch, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Michael Cleveland and Eileen P. Tierney, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for respondent Johnson Outboards.

JUSTICE DUNN delivered the opinion of the court:

On January 16, 1986, the Illinois Department of Human Rights filed a complaint on behalf of Colleen Jones, alleging a civil rights violation on the part of her former employer, respondent, Johnson Outboards. The complaint was dismissed with prejudice for want of prosecution by a three-member panel of the Illinois Human Rights

Commission on September 29, 1986, pursuant to the recommendation of an administrative law judge. On appeal, Willie Jones, the administrator of claimant's estate, asserts that the Commission erred by denying his petition to reinstate the complaint and vacate its dismissal order.

The complaint alleged that respondent unlawfully discriminated against complainant by giving a position as a receiving clerk to another woman in December 1983, when complainant should have been appointed to the position according to company seniority policy. At the time, complainant was on a medical leave of absence due to a chronic back ailment and had requested a job within her medical restrictions. According to the complaint, respondent failed to appoint complainant to this position because of her race and physical handicap (the back ailment), in violation of section 2—102(A) of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1985, ch. 68, par. 2—102(A)), which forbids such discrimination in hiring or renewal of employment.

The matter was originally set for hearing on March 18, 1986, but was continued twice at respondents' request. Complainant's attorneys were granted leave to withdraw at the May 12, 1986, hearing, after one of them advised the administrative law judge (ALJ) that they could no longer adequately represent complainant. The ALJ set the matter for a status hearing on June 2, 1986, and stated that either complainant or her new attorney should be present. No one appeared on complainant's behalf at the June 2, 1986, status hearing. As a result, the ALJ sent a recommended order to the Commission dismissing the case with prejudice for want of prosecution. Although complainant did not file any exceptions to the recommended order pursuant to section 8—107(A) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(A), a three-member panel of the Commission reviewed the order pursuant to section 8—107(E) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(E)) and adopted it on September 29, 1986.

On October 15, 1986, Willie Jones, complainant's husband and the administrator of her estate, filed a petition to reinstate the complaint with the Commission. The petition stated that complainant died on August 1, 1986, as a result of metastatic oat cell carcinoma of the lung and was physically unable to attend the June 2, 1986, hearing because of her illness. The petition further stated that complainant's daughters arranged to have an attorney attend the status hearing, but the attorney failed to appear and later informed them that he would be unable to take the case. These allegations were supported by the affidavits of one of complainant's daughters, Sheryl Jones, and of complainant's husband, Willie Jones. The same three-member panel of

the Commission that dismissed the case for want of prosecution denied the petition on December 22, 1986. This appeal followed.

■■ Ordinarily, an order dismissing a case for want of prosecution or denying a motion to vacate such a dismissal is not considered final and appealable. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 111-12, 435 N.E.2d 480). This is because section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) gives parties the right to refile actions dismissed for want of prosecution within one year of the dismissal. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 111-14, 435 N.E.2d 480). This saving provision is inapplicable in the instant case, however, because the Code of Civil Procedure does not apply to administrative proceedings. (*Desai v. Metropolitan Sanitary District* (1984), 125 Ill. App. 3d 1031, 1033, 466 N.E.2d 1045.) Since the September 29, 1986, order states that the complaint is dismissed for want of prosecution with prejudice, the order denying the petition to vacate said dismissal is final and appealable.

■■ ▌ It is the obligation of the reviewing court to take notice of matters which go to the jurisdiction of the circuit court or administrative agency. (*Eastern v. Canty* (1979), 75 Ill. 2d 566, 570, 389 N.E.2d 1160, 1162.) Accordingly, we must first consider an issue raised by neither of the parties: whether the December 22, 1986, order denying the petition to reinstate is void because it was entered by a three-member panel rather than the full Commission. The only mechanism provided under the Act for reconsideration of a final order by the Commission is the rehearing procedure set forth in section 8—107(F) (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(F)). This provision states as follows:

"(1) Within 30 days after service of the Commission's order, a party may file an application for rehearing before the full Commission. The application shall be served on all other parties. The Commission shall have discretion to order a response to the application.

(2) Applications for rehearing shall be viewed with disfavor, and may be granted, by vote of four Commission members, only upon a clear demonstration that a matter raises legal issues of significant impact or that three-member panel decisions are in conflict.

(3) When an application for rehearing is granted, the original order shall be nullified and oral argument before the full Commission shall be scheduled. The Commission may request the parties to file any additional arguments it deems necessary."

The petition filed by complainant's administrator was timely filed under this provision. Although this petition was not specifically labelled as an application for rehearing, we shall construe it as such, since it is clear from the petition that complainant's administrator sought to have the dismissal order reconsidered and vacated by the Commission and this could only be accomplished by means of the rehearing procedure set forth in section 8—107(F) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(F)).

■ It is clear from the language of section 8—107(F)(3) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(F)(3)) that if a rehearing is granted, the case must be reconsidered by the full Commission. It is equally clear from a reading of sections 8—107(F)(1) and (2) that the determination of whether to grant a rehearing must also be made by the full Commission. Section 8—107(F)(1) refers to "an application for rehearing before the full Commission," and section 8—107(F)(2) states that such applications are granted "by vote of four Commission members." The legislature could not have intended to permit applications for rehearing to be considered by three-member panels when it required the approval of four Commission members to grant such applications.

■ A reviewing court will not presume that an administrative agency had jurisdiction to enter a finding or order. (*Kahn v. Civil Service Comm'n* (1976), 40 Ill. App. 3d 615, 617, 352 N.E.2d 231.) An order entered by an administrative agency is not valid if the agency does not follow the statutory procedures established by the legislature. (*Ragano v. Illinois Civil Service Comm'n* (1980), 80 Ill. App. 3d 523, 527, 400 N.E.2d 97.) In the instant matter, the Commission failed to follow the procedure established by the legislature in section 8—107(F) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—107(F)) for consideration of applications for rehearing, since the petition was considered and denied by a three-member panel, rather than the full Commission. Accordingly, the order entered on December 22, 1986, denying the petition is void and is hereby vacated. This matter is remanded to the Illinois Human Rights Commission for consideration of the petition by the full Commission.

Vacated and remanded with directions.

WOODWARD and UNVERZAGT, JJ., concur.