EDWIN ROBINSON, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

First District (5th Division)   No. 1—88—2479

Opinion filed July 27, 1990.

Elizabeth Dale and Kenneth N. Flaxman, both of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Human Rights Commission.

Robert J. Mignin and Joan E. Gale, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for respondent Evanston Hospital Corporation.

JUSTICE GORDON delivered the opinion of the court:

This matter comes to us pursuant to Supreme Court Rule 335 (107 Ill. 2d R. 335) for direct review of an order of the respondent Illinois Human Rights Commission (hereinafter Human Rights Commission or Commission), dismissing the charge of petitioner, Edwin Robinson, that respondent Evanston Hospital Corporation (hereinafter Evanston Hospital or Hospital) terminated his employment in retaliation for his opposition to the Hospital's alleged discriminatory practices. Petitioner contends that the Commission improperly dismissed the charge based on its finding that it had no jurisdiction to consider the charge because it was not filed within 180 days of the date of his termination. We affirm.

On March 14, 1983, Evanston Hospital fired petitioner, an African-American, from his position as associate director of housekeeping for the stated reason that he had falsified his employment application by not informing the Hospital that he had been previously convicted of a crime. Petitioner testified that on July 6, he told an intake person at the Illinois Department of Human Rights (hereinafter Human Rights Department or Department) that he believed that he had been terminated on the basis of his race and his help for other minorities at the Hospital. Thereafter, the intake person prepared a charge of discrimination form which stated in two separate places that petitioner believed he was fired solely because of his race. The form stated as particulars:

"A. The charge (conviction) which the hospital refers to is 76 MCI 140443, was disposed of by Judge John Reynolds, pursuant to a one year conditional discharge and both the court and my attorney advised me that the disposition was not considered a conviction.

B. I believe Respondent's reason for my termination were [sic] pretextual because Respondent stated the Department of Immigration investigation provided this information on me and no other non-black were [sic] investigated by Respondent."

Petitioner signed this form.

On March 9, 1984, 360 days after the filing of petitioner's initial charge, the Department prepared an "amendment" to that charge, adding retaliation for opposing Evanston Hospital's alleged discriminatory policies as a cause for petitioner's termination. The amendment added as particulars:

"C. During my employment at Respondent I assisted Roosevelt Floyd, Troy Hodges, Eddie Drummond, Andrea Daye, Kevin House, and other minority employees in fighting Respondent's discriminatory actions by meeting with Respondent's managers to discuss these cases and urging retraction of discriminatory actions.

D. I believe Respondent's decision to terminate me was in retaliation for my active role in opposing discriminatory practices at Respondent and that Respondent's reasons for my termination were pretextual."

Petitioner also signed this form.

On November 14, 1985, the Human Rights Department issued a two-count complaint against Evanston Hospital, alleging that petitioner's termination was based on race discrimination and retaliation. About a year later, a hearing was conducted on both charges by an

administrative law judge who, at the close of petitioner's case, granted Evanston Hospital's motion to dismiss the race charge on grounds that petitioner had failed to present a *prima facie* case. The administrative judge, however, denied defendant's motion to dismiss the retaliation charge. The Human Rights Commission subsequently reversed that ruling on the basis of the second district's decision in *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 746, finding that it had no jurisdiction to consider the retaliation charge because it was not filed within 180 days of petitioner's termination, as required by section 7—102(A)(1) of the Illinois Human Rights Act (hereinafter Human Rights Act or Act) (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(A)(1)).

Petitioner contends that the Human Rights Commission improperly decided that section 7—102(A)(1) was a jurisdictional time limit. He argues that section 7—102(A)(1) is merely a statute of limitations and, as such, is subject to the defenses of waiver, estoppel, and equitable tolling. He further argues that had the Commission properly treated section 7—102(A)(1) as a statute of limitations, it would have found that the 180-day filing period would have been tolled because the late filing was solely due to the intake officer's failure to include the retaliation charge as part of the initial charge of discrimination. We disagree with petitioner's contention that section 7—102(A)(1) is not jurisdictional.

■ The concept of jurisdiction generally deals with the power of a court to hear and determine a class of cases and the power to grant the requested relief. (*People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 521, 461 N.E.2d 505, 508.) Jurisdiction is conferred on courts by either the Constitution or legislation. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893, 895.) A lack of jurisdiction may be raised at any time, either directly or collaterally. (*Fredman*, 109 Ill. 2d at 215, 486 N.E.2d at 898.) When jurisdiction is found lacking in a case, parties may not waive jurisdiction nor by their conduct be estopped from objecting to jurisdiction (*Caldwell v. Nolan* (1988), 167 Ill. App. 3d 1057, 1066, 522 N.E.2d 175, 182), and the case is properly dismissed for want of jurisdiction. See *Fredman*, 109 Ill. 2d at 215, 486 N.E.2d at 898.

■■ Although the concept of jurisdiction may not be strictly applicable to an administrative agency, it is appropriately used to designate the agency's authority to act. (*Spray v. Illinois Civil Service Comm'n* (1983), 114 Ill. App. 3d 569, 573, 449 N.E.2d 176, 180.) An administrative agency obtains its power to act from the legislation

creating it and has no power to act beyond that granted by the legislation. (See *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 352, 496 N.E.2d 746, 754.) Section 7—102(A)(1) of the Illinois Human Rights Act, the source of the Human Rights Commission's power, states the following regarding a charge of a civil rights violation:

> "Within 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the Department by an aggrieved party or issued by the Department itself under the signature of the Director." (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(A)(1).)

Several districts of the appellate court have found this provision to be a jurisdictional time limit. (*Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 746 (second district); *Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 519 N.E.2d 1203 (fourth district); *Lee v. Human Rights Comm'n* (1984), 126 Ill. App. 3d 666, 467 N.E.2d 943 (first district). But *cf. Gonzalez v. Human Rights Comm'n* (1989), 179 Ill. App. 3d 362, 369-70, 534 N.E.2d 544, 547-48 (first district) (declining to decide whether this provision is jurisdictional but suggesting that it was like a statute of limitations).) Though there is some language in case law to the contrary, equitable concepts of waiver, estoppel, and tolling generally will not be available to extend this jurisdictional time limit. (See *Pickering*, 146 Ill. App. 3d at 347-48, 496 N.E.2d at 751-52; *Larrance*, 166 Ill. App. 3d at 231-32, 519 N.E.2d at 1208-09.) Consequently, where charges have not been filed within the 180-day period, they have been dismissed by the Commission. *Pickering*, 146 Ill. App. 3d 340, 496 N.E.2d 746; *Larrance*, 166 Ill. App. 3d 224, 519 N.E.2d 1203.

The Human Rights Commission's dismissal of petitioner's retaliation charge was based on the decision of the second district court in *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 746. The *Pickering* court specifically found that section 7—102(A)(1) of the Human Rights Act was jurisdictional. (*Pickering*, 146 Ill. App. 3d at 347, 496 N.E.2d at 751.) Relying upon *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893, where our supreme court found the Administrative Review Law's 35-day filing period (Ill. Rev. Stat. 1987, ch. 110, par. 3—103) to be jurisdictional because it was an inherent element of a statutorily created right unknown to common law, the *Pickering* court found section 7—102(A)(1) to be jurisdictional because it was an inherent element of the right to be protected from terminations based on age or handicap, which was a right specifically created by the Hu-

man Rights Act. (*Pickering*, 146 Ill. App. 3d at 346, 496 N.E.2d at 750-51.) The *Pickering* court further found that since the Human Rights Commission could only act pursuant to the authority granted to it by the Human Rights Act, it had no authority to even consider charges filed outside the 180-day time period specified by section 7—102(A)(1). *Pickering*, 146 Ill. App. 3d at 352, 496 N.E.2d at 754.

█ Though *Pickering* dealt with violations of the Human Rights Act involving age and handicap, its rationale and conclusion that section 7—102(A)(1) is jurisdictional clearly pertain to all rights protected under the Human Rights Act. Even if, arguably, the right to be protected from termination for encouraging opposition to discriminatory practices were a right recognized under the common law (*cf. Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353 (holding that discharge in retaliation for filing workmen's compensation claim contrary to public policy)), we would still conclude that section 7—102(A)(1) is a jurisdictional time limit. That conclusion would be mandated since the Human Rights Act makes it a right which cannot be enforced other than before the agencies it creates. (See *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 485 N.E.2d 312.) Section 8—111(C) of the Act further states that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (Ill. Rev. Stat. 1987, ch. 68, par. 8—111(C).) Thus, by making this right one which can only be enforced by these agencies and by conferring authority upon these agencies to enforce this right, the Human Rights Act would in effect have turned it into a distinct right for which a timely filing of a charge is a precondition of enforcement.

█ As previously indicated, an administrative agency has no inherent or common law power and may only act in accordance with the power conferred upon it by the legislature. (*Rossler v. Morton Grove Police Pension Board* (1989), 178 Ill. App. 3d 769, 773, 533 N.E.2d 927, 930.) The Human Rights Act, which is the source of the Human Rights Commission's power, does not provide authority to consider complaints based on *any* untimely filed charges. Section 7—101 of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—101) limits the powers of the Human Rights Department to only issue charges filed in conformity with the Act. (Ill. Rev. Stat. 1987, ch. 68, par. 7—101(B).) Like a court of limited jurisdiction, an administrative agency can only act in conformity with the procedure set forth in the statute which empowers it. (*Pickering*, 146 Ill. App. 3d at 352, 496 N.E.2d at 754.) As noted analogously in *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893:

"[W]hen a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source. [Citation.] In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court." (*Fredman*, 109 Ill. 2d at 210, 486 N.E.2d at 895-96.)

Because the retaliation charge was not filed within the time limit set forth in section 7—102(A)(1), the Commission had no power, and thus no jurisdiction, to consider it. See *Jones v. Department of Human Rights* (1987), 162 Ill. App. 3d 702, 706, 515 N.E.2d 1255, 1257.

Moreover, if we were to conclude that section 7—102(A)(1) were not a jurisdictional precondition for enforcing that right, we would be creating an anomaly where that section would be jurisdictional for some rights found in the Act, such as the rights involved in *Pickering*, but would not be jurisdictional for other rights found in the same Act, such as the one involved in this appeal. That would be an unnatural bifurcation of the intention of the legislature.

Our conclusion that section 7—102(A)(1) is a jurisdictional time limit would normally make it unnecessary to address petitioner's argument that section 7—102(A)(1) is a statute of limitations and should be equitably tolled under the circumstances of this case. However, we shall respond to it in light of a statement in *Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 519 N.E.2d 1203, that, even with regards to a jurisdictional time limit like section 7—102(A)(1), "[e]quitable tolling *** should be applied to prevent injustice when the agency has knowingly misled a complainant or *** acted unfairly." *Larrance*, 166 Ill. App. 3d at 232, 519 N.E.2d at 1209.

■ We strongly question the applicability of the equitable principle of tolling to any jurisdictional time limitation even under circumstances where an agency has arguably contributed to a late filing. An agency's authority to act is strictly limited to the statute creating it, and we find no provision in the Human Rights Act authorizing a tolling of the 180-day filing period. However, even if it were possible to apply it to such time limits, it should not apply under the circumstances of the present case. Though petitioner testified that he informed the Department's intake person that he believed that one of the reasons he was fired was because of his help for other minorities, there is no indication that the Department either did anything to intentionally mislead him or in any way acted unfairly. The Department apparently did prepare the charge form for petitioner, but there is no

indication that the Department misinformed him of its contents. In fact, petitioner did sign the form, which clearly states in two separate places that he was claiming race discrimination, and, absent any evidence to the contrary, it must be presumed that he understood and agreed that the contents of the charge represented a fair statement of his claim when he signed the form. Lastly, we note that even if the equitable principle of tolling were otherwise applicable, it could not be considered on appeal since petitioner failed to raise or argue it at the administrative level. See *Frantzve v. Joseph* (1986), 150 Ill. App. 3d 850, 853, 502 N.E.2d 396, 398.

Petitioner cites to the United States Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127, as support for his argument that section 7—102(A)(1) is merely a statute of limitations. In *Zipes*, the Supreme Court found that the time period for filing a charge with the Equal Employment Opportunity Commission (EEOC) was not a jurisdictional prerequisite to a suit under Title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.* (1988)) but was more like a statute of limitations which is subject to waiver, estoppel and equitable tolling. The Court based its determination on: (1) the absence of any statutory language limiting the jurisdiction of district courts, the designated forum for actions brought under that act, to matters which were timely filed with the EEOC, (2) legislative history indicating an intent that the time limit for filing was like a statute of limitations, and (3) the reasoning of prior cases.

The present case is unlike the *Zipes* case in several key respects. As previously indicated, the Illinois Human Rights Act not only creates a new cause of action but, unlike Title VII, also creates the administrative forum which is to adjudicate that cause of action. Thus, the time limit involved in the Human Rights Act in contrast to that in Title VII can be viewed as both a condition precedent to petitioner's right to recover and a specific limitation on the power of the forum created to adjudicate the claim. Moreover, the legislative history to the time for filing provision in Title VII indicates that it was intended to be a statute of limitations. There is no similar legislative history to the Human Rights Act. On the contrary, an inferential manifestation of legislative intent may be derived from section 7—102(B), which immediately follows section 7—102(A) and which deals with the time period for providing notice and response to the charge. That section specifically provides that the time period for providing notice "shall not be construed to be jurisdictional." (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(B).) The absence of a similar disclaimer of jurisdictional in-

tent in connection with section 7—102(A)(1) would connote that it does indeed provide a jurisdictional limitation. Lastly, contrary to precedent pertaining to federally enacted Title VII, existing Illinois precedent pertaining to the Illinois Human Rights Act supports the conclusion that section 7—102(A)(1) is jurisdictional. *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 746; *Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 519 N.E.2d 1203; *Lee v. Human Rights Comm'n* (1984), 126 Ill. App. 3d 666, 467 N.E.2d 943.

Alternatively, petitioner contends that even if section 7—102(A)(1) is jurisdictional, his amended charge was timely filed because it related back to the date his original charge was filed, which was well within the 180-day time limit. As support, he cites to Rule 3.6 of the rules of the Department of Human Rights, which provides:

"A charge or any part thereof may be amended by the complainant to cure technical defects or omissions, or to clarify or amplify allegations made therein, or to set forth additional facts or allegations related to the subject matter of the original charge, and such amendments shall relate back to the original filing date." (56 Ill. Adm. Code §2520.360 (1985).)

He argues that his retaliation charge relates back because it, like his race charge, arose out of his termination. He further argues that Evanston Hospital will not be prejudiced if his amended charge were to relate back to the time of his original charge because the amended charge was filed while the Human Rights Department was still conducting its investigation, which was over one year before any complaint was filed and over two years before the hearing. We find that the amended charge does not relate to the subject matter of the original charge and thus does not relate back to the original filing date.

■■ ■ Petitioner's amended charge was a statement of a new charge based on a separate and distinct statement of facts. Petitioner's original charge claimed that his termination was based on race discrimination; his amendment added a new charge based on retaliation. Both charges are parallel to each other and do not intersect. One may be fired in retaliation for efforts to prevent discrimination regardless of one's race, while the charge of race discrimination is wholly independent of any charge that the firing was retaliatory. The facts which supported the race charge were that the Department of Immigration had provided Evanston Hospital with information that he had falsified his employment application and that the Hospital had not similarly investigated any nonblack. The facts which supported the retaliation charge were that petitioner had aided several named minor-

ity employees of Evanston Hospital on their claims of discrimination. It is clear from a review of these facts that the facts supporting the amended charge are more than simply "additional facts or allegations related to the subject matter of the original charge." 56 Ill. Adm. Code §2520.360 (1985).

Furthermore, the fact that both charges arose out of petitioner's termination does not mean that they relate to the same subject matter. Rule 3.6 of the Department's rules applies to facts which relate to the *subject matter of the original charge.* The subject matter of the original charge was race discrimination and not the termination itself. Though the Act's pleading requirements are quite liberal and the Department's rules permit amendments to relate back (see *Whitaker v. Human Rights Comm'n* (1989), 184 Ill. App. 3d 356, 360, 540 N.E.2d 361, 364), amendments will not relate back if they set forth different claims based on different sets of facts. 56 Ill. Adm. Code §2520.360 (1985).

The cases cited by petitioner on this point, *Washington v. Kroger Co.* (8th Cir. 1982), 671 F.2d 1072, and *Galvan v. Bexar County* (5th Cir. 1986), 785 F.2d 1298, are distinguishable. Although in each case the court considered a claim based on a right created by Federal law even though it was not timely filed, the decision to consider the claim was largely dependent upon the fact that the statutory time limit involved was procedural and not jurisdictional. Additionally, in *Washington,* a second charge of discrimination under Title VII based on race filed after the date for filing a charge with the EEOC was considered to be properly related to an initial timely filed charge of discrimination based on sex because both charges arguably grew out of the same set of facts. (*Washington,* 671 F.2d at 1076.) In *Galvan,* an amended complaint based on a violation of the Federal Age Discrimination in Employment Act (29 U.S.C. §621. *et seq.* (1988)) was considered to be related to an original complaint based on age discrimination under a separate statutory provision because both claims arose out of the same conduct, transaction or occurrence: a termination based on age considerations. (*Galvan,* 785 F.2d at 1305.) In the present case, petitioner's amended charge was based on facts unrelated to the subject matter of his original charge and, thus, should not relate back to the original filing date.

■ Moreover, petitioner misconstrues the principle of relating back in arguing that Evanston Hospital will not be prejudiced thereby. An amended charge will relate back only if it sets forth facts related to the subject matter of the original charge regardless of its prejudicial impact. If it does not set forth related facts but instead sets forth

a new charge, then that charge is independently subject to the time limit set forth in section 7—102(A)(1). This is particularly compelling where the time limitation is jurisdictional, as it is under the Human Rights Act, since the Human Rights Commission would be without authority to consider a charge unless it is timely filed. See *Zaborski v. United States Steel Supply Division of United States Steel Corp.* (1981), 2 Ill. HRC Rep. 75.

■ We are not unmindful of the fact that our interpretation of section 7—102(A)(1) is consistent with that of the Illinois Human Rights Commission, the agency charged with the implementation of the provisions of the Illinois Human Rights Act. As stated in *Peoples Gas LIght & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 520 N.E.2d 46, decided by our division, "[a] court is not formally bound by an agency's interpretation of the legal effect of statutory language, but it will give the agency's conclusion great weight in the court's own construction of the statute." (165 Ill. App. 3d at 247, 520 N.E.2d at 54.) For all of the aforestated reasons, we affirm the decision of the Commission, finding section 7—102(A)(1) to be jurisdictional.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.