NO. 4-04-0204

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JOHN P. DUFFY,

Petitioner-Appellant, 

v.

THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS; THE ILLINOIS HUMAN RIGHTS COMMISSION; CHRISTIE CLINIC, P.C.; and ELLEN E. RONEY, M.D.,

Respondents-Appellees.

)

)

)

)

)

)

)

)

Direct Appeal of Illinois Human Rights Commission

No. S11998

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, John P. Duffy, appeals the decision of the Illinois Human Rights Commission (Commission) adopting its administrative law judge's December 1, 2003, recommended order and decision to grant the motion to dismiss of respondents, Christie Clinic, P.C., and Dr. Ellen E. Roney (collectively, the Clinic).  On appeal, petitioner argues that the Commission erred in dismissing his complaint where he alleged facts sufficient to show the Clinic operated a "place of public accommodation," as defined by article five of the Human Rights Act (Act) (775 ILCS 5/5-101 through 5-103 (West 2000)).  We affirm.

On December 4, 2001, petitioner filed a charge of discrimination with the Illinois Department of Human Rights (Department), alleging that the Clinic discriminated against him because of his handicap, in violation of the Act.  The Director of the Department did not act on the charge within the statutorily mandated 365-day period.  See 775 ILCS 5/7A-102(G)(1) (West 2000).  

On December 11, 2002, petitioner filed a complaint with the Commission pursuant to section 7A-102(G)(2) of the Act (775 ILCS 5/7A-102(G)(2) (West 2002)), alleging one count of handicap discrimination by the Clinic.  The complaint alleged that on or about June 11, 2001, he received a letter from Dr. Roney advising him that the Clinic's department of internal medicine would no longer offer him treatment beginning 30 days following receipt of the letter.  Petitioner claimed that the Clinic's stated reasons for termination of treatment, that it was based upon his behavior at the Clinic and his failure to follow prescribed medical treatment, were pretextual and asserted only for the purpose of concealing its discriminatory motives.  Petitioner further alleged that the Clinic operated a medical facility open to the public and was a "place of public accommodation," as defined by section 5-101(A)(1) of the Act (775 ILCS 5/5-101(A)(1) (West 2002)).

On March 8, 2003, the Clinic filed a motion to dismiss, arguing that the Commission was without jurisdiction where the Clinic's internal medicine department was not a "place of public accommodation," as defined by the Act and as interpreted by case law.  The administrative law judge (ALJ) recommended that the matter be dismissed, finding that a medical clinic dispensing medical services to the public is not a "business" as contemplated under section 5-101(A)(1) of the Act and thus does not qualify as a "place of public accommodation" as that term is defined under the Act (775 ILCS 5/5-101(A)(1) (West 2000)).  The Commission declined review and adopted the ALJ's decision as its own, pursuant to section 8A-103(E)(1) of the Act (775 ILCS 5/8A-103(E)(1) (West 2002)).  This appeal followed.

Petitioner argues that the Clinic's department of internal medicine is a "place of public accommodation," as defined by the Act.  Statutory construction is a question of law, and the standard of review is 
de
 
novo
.  
Ferrari v. Department of Human Rights
, 351 Ill. App. 3d 1099, 1103, 815 N.E.2d 417, 422 (2004).  

Section 5-101(A) of the Act provides as follows:

"(A) Place of Public Accommodation.  (1) 'Place of public accommodation' means a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages or accommodations are extended, offered, sold, or otherwise made available to the public.

(2) By way of example, but not of limitation, 'place of public accommodation' includes facilities of the following types: inns, restaurants, eating houses, hotels, soda fountains, soft drink parlors, taverns, roadhouses, barber shops, department stores, clothing stores, hat stores, shoe stores, bathrooms, restrooms, theatres, skating rinks, public golf courses, public golf driving ranges, concerts, cafes, bicycle rinks, elevators, ice cream parlors or rooms, railroads, omnibuses, busses, stages, airplanes, street cars, boats, funeral hearses, crematories, cemeteries, and public conveyances on land, water, or air, public swimming pools and other places of public accommodation and amusement."  775 ILCS 5/5-101(A) (West 2000). 

Statutes should be construed as to render no word or phrase superfluous or meaningless.  
Langendorf v. City of Urbana
, 197 Ill. 2d 100, 109, 754 N.E.2d 320, 325 (2001).  Adopting petitioner's broad interpretation of "business *** facility of any kind" would render the Act's definition of "place of public accommodation" and the accompanying examples in section 5-101(A)(2) mere surplusage.  See 
Baksh v. Human Rights Comm'n
, 304 Ill. App. 3d 995, 1003, 711 N.E.2d 416, 422 (1999).  "Had the legislature intended such an all-encompassing definition of a 'place of public accommodation' the definition would simply read 'a "place of public accommodation" is a business facility of any kind.'"  
Baksh
, 304 Ill. App. 3d at 1003, 711 N.E.2d at 422.

Under the doctrine of 
ejusdem
 
generis
, where a statute lists several classes of persons or things but provides that the list is not exhaustive, we interpret the class of unarticulated persons or things as those "others such like" the named persons or things.  
Board of Trustees of Southern Illinois University v. Department of Human Rights
, 159 Ill. 2d 206, 211, 636 N.E.2d 528, 531 (1994) (hereinafter referred to as 
SIU
).

Section 5-101(A) does not contain the terms "medical facility," "medical clinic," "doctor's office," "health-care facility," or other like terms.  The examples listed in section 5-101(A)(2) are also fundamentally different from medical clinics, which dispense medical care.  "The cited establishments are examples of facilities for overnight accommodations, entertainment, recreation or transportation."  
SIU
, 159 Ill. 2d at 212, 636 N.E.2d at 531.  "Thus, what was anticipated by the General Assembly is a restaurant, or a pub, or a bookstore."  
SIU
, 159 Ill. 2d at 212, 636 N.E.2d at 531.  What was not anticipated is a private medical clinic.  Because the Clinic's internal medicine department is not a "place of public accommodation" under the Act, we hold that the conduct alleged by petitioner does not fall within section 5-102(A); consequently, no jurisdiction is conferred by that section over this cause of action.  See 
SIU
, 159 Ill. 2d at 212, 636 N.E.2d at 531 (academic program at a state-operated university); 
Baksh
, 304 Ill. App. 3d at 1006, 711 N.E.2d at 424 (private dental practice); 
Cut 'N Dried Salon v. Department of Human Rights
, 306 Ill. App. 3d 142, 147, 713 N.E.2d 592, 595-96 (1999) (insurance company); 
Gilbert v. Department of Human Rights
, 343 Ill. App. 3d 904, 910, 799 N.E.2d 465, 469 (2003) (scuba-diving school).  The Commission properly dismissed petitioner's complaint.

Petitioner also argues that the Clinic's participation in Medicare and Medicaid programs brings it under the definition of "place of public accommodation."  However, he cites no on-point authority for this proposition, nor does the Act create such an inference from the mere receipt of federal funds (see 775 ILCS 5/1-101 through 10-103 (West 2002)).  Whether the Clinic would qualify as a "place of public accommodation" under a different definition under federal statutes, rules, or regulations is irrelevant to our analysis under the Act.   

Because we find that the Clinic's internal medicine department is not a "place of public accommodation" under section 5-101(A) of the Act, we need not address whether petitioner failed to exhaust his administrative remedies.  

For the reasons stated, we affirm the Commission's decision dismissing petitioner's complaint.  

Affirmed.

TURNER, J., concurs.

APPLETON, J., specially concurs.

JUSTICE APPLETON, specially concurring:

I concur with the result reached by the majority but write separately to state my belief that the provisions of the Act have no application to this situation.

Plaintiff had been a patient of the Christie Clinic department of internal medicine.  Plaintiff did not attend the physical facility of the clinic as a destination but rather to be treated by medical personnel.  For whatever reason, clinic personnel decided to terminate their professional relationship with plaintiff and had the right to do so.  See 
Olaf v. Christie Clinic Ass'n
, 200 Ill. App. 3d 191, 195, 558 N.E.2d 610, 613-14 (1990) (the right to engage in a physician-patient relationship is not absolute but is instead terminable at will).

I am aware of no law that requires a regulated professional--doctor, lawyer, dentist, accountant--to treat or serve every applicant.  In fact, the service at issue here is recognized by the law above to be discretionary with the provider (after taking all abandonment and malpractice issues into consideration).  Christie Clinic, as a place, may be forced to be open to all persons regardless of disability, but the medical personnel who work within the clinic's walls cannot be made to treat patients against their will.