NO. 4-03-0737

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NANCY FERRARI, ) Direct Appeal from

Petitioner-Appellant, ) General Counsel

v. ) of Illinois

THE ILLINOIS DEPARTMENT OF HUMAN        )    Department of 

RIGHTS; ROCCO J. CLAPS, Director; ) Human Rights

ALICE M. RALPH, Acting Chief Legal      ) No. 2002SF3265

Counsel; THE ILLINOIS DEPARTMENT OF     )   

CORRECTIONS; ROGER E. WALKER, JR.,      )

Director; and LOIS COOPER-SHIELDS,      )

Chief Investigator, )

Respondents-Appellees. )

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, Nancy Ferrari, appeals the decision of the

acting chief legal counsel (Chief Legal Counsel) of the Illinois Department of Human Rights (Department) affirming the Department's dismissal of her sex-discrimination complaint filed pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 through 10-103 (West 2002)).  We reverse and remand with directions.

On June 26, 2002, petitioner filed a verified charge with the Department, alleging that respondent, the Illinois Department of Corrections (DOC), sexually discriminated against her on January 31, 2002, by discharging her from her job as an educator because of her gender.  Specifically, she stated that DOC claimed the discharge was necessitated by inappropriate conduct of a sexual nature but that objective investigation would reveal DOC was aware similarly employed males had engaged in such conduct but remained employed. 

On September 26, 2002, the Department issued notice of a fact-finding conference scheduled for November 20, 2002.  A fact-finding conference is "an investigative forum intended to define the issues, determine which facts are undisputed, obtain evidence and ascertain whether there is a basis for a negotiated settlement of the charge."  The notice indicated that a complainant's failure to attend the conference could result in dismissal of the charge.

On September 30, 2002, petitioner's counsel sent the Department a letter, stating she was reiterating her request that the Department issue a notice to show cause why DOC should not be held in default for failing to file a timely verified response in accordance with section 7A-102(B) of the Act (775 ILCS 5/7A-102(B) (West 2002)).  The letter referenced a September 23, 2003, phone conversation between petitioner's counsel and Department investigator Annette VanHooser, where VanHooser told petitioner's counsel that she had asked respondent why it had not filed a verified response but was not given a reason why it was not filed.  Petitioner's counsel further stated that investigative activities, including the November 20 fact-finding conference, should not continue where, if DOC does not show good cause, all allegations would be deemed admitted pursuant to statute.  

On October 30, 2002, petitioner's counsel sent the Department another letter, noting that settlement negotiations were ongoing.  It also stated that she could not recommend that petitioner attend the fact-finding conference unless and until the Department complied with its statutory duty to address DOC's failure to file a verified response within the 60-day time period and to issue DOC a notice to show cause.

On November 4, 2002, DOC sent a copy of its verified response (dated October 1, 2002) to petitioner's counsel.  On November 7, 2002, VanHooser sent a letter to the parties, noting that DOC had by that date submitted a verified response and served a copy on petitioner.  She also reminded the parties of the November 20 hearing.  On November 8, 2002, petitioner filed a motion to strike DOC's verified response, arguing that DOC failed to file and serve it within the statutorily mandated 60-day period (775 ILCS 5/7A-102(B) (West 2002)) following receipt of notice of the charge.  Petitioner argued that such failure required the Department to issue a notice to show cause.  Absent a showing of good cause, petitioner stated that all allegations were to be deemed admitted by DOC.  See 775 ILCS 5/7A-102(B) (West 2002).  On November 18, 2002, petitioner sent another letter to the Department, requesting a response to her motion to strike the verified response, again citing the need to rule on such motion before the fact-finding conference.  She formally requested that the conference be cancelled or postponed.

In a November 19, 2002, letter that was faxed to petitioner, VanHooser stated that "the Department is not a motion entertaining body and therefore cannot respond to Complainant's Motion to Strike Respondent's Verified Answer.  The motion has been noted and place [
sic
] in Complainant's file and will be given the weight it is due when the report is written."  The letter further denied petitioner's request to continue the fact-finding conference.  

On November 19, 2002, petitioner's counsel sent a letter to VanHooser in reply, stating that "[o]ther than a motion, I am not sure how a complainant can raise procedural issues to the Department before the conclusion of the Department's investigation or how to terminate an 'investigation' when the respondent does not act in accordance with its statutory obligations."  She reiterated that she had made four requests prior to the conference that it be postponed or cancelled.  She stated that petitioner would not be attending the fact-finding conference because no factual issues remained to be addressed in light of the Department's failure to comply with its statutory duties.

On November 20, 2002, the Department held a fact-finding conference with witnesses for DOC in attendance.  Neither petitioner nor her counsel attended.  Besides the list of witnesses present, no record was made of the proceedings.

On December 26, 2002, the Department dismissed the complaint, finding that on September 25, 2002, petitioner agreed to attend the fact-finding conference on November 20, 2002, but did not in fact attend.  It also noted that on November 19, 2002, petitioner's counsel contacted the Department and indicated that petitioner would not attend the conference because no factual questions remained to be addressed and petitioner had a resolution agreement pending that would result in petitioner withdrawing her charge from the Department.  The dismissal order made mention neither of petitioner's motion and requests to strike DOC's verified response nor her request for default judgment.  

Petitioner filed a timely request for review with the Chief Legal Counsel, requesting that the charge be reinstated and a notice to show cause issue in light of the Department's noncompliance with section 7A-102(B) of the Act in failing to address DOC's late-filed verified response.  On July 28, 2003, the Chief Legal Counsel affirmed the dismissal order on the grounds of failure to proceed.  See 56 Ill. Adm. Code 
§2520.560(b)(2) (Conway Greene CD-ROM March 2002).
  In affirming the dismissal, the Chief Legal Counsel reasoned as follows:

"[T]he record demonstrates that Complainant elected not to attend the fact finding conference because Complainant disagreed with the Department's decision to accept Respondent's verified response.  However, the Department notified Complainant on November 7, 2002, and again on November 19, 2002, that Respondent's verified answer had been accepted and that the fact finding conference would take place as scheduled."  

This appeal followed.

When reviewing a decision of an administrative agency, the agency's findings of fact are deemed 
prima
 
facie
 true and correct, and those findings will be sustained unless they are against the manifest weight of the evidence.  
Raintree Health Care Center v. Illinois Human Rights Comm'n
, 173 Ill. 2d 469, 479, 672 N.E.2d 1136, 1141 (1996).  The Chief Legal Counsel found that petitioner's verified charge was filed on June 26, 2002, and DOC's verified response was filed on November 4, 2002.  A careful review of the record shows that these findings are not against the manifest weight of the evidence.  Any combination of the dates suggested by the parties would not change the outcome of this disposition.  

The first issue in this case is whether the Department has the discretion to accept a verified response filed by a respondent outside the 60-day period under section 7A-102(B) of the Act without either
 considering a petitioner's requests to strike or 
sua
 
sponte
 striking any response filed outside the requisite statutory period, absent a finding of good cause by the Department for not filing the response within 60 days. 

The standard of review as to the Chief Legal Counsel's decision to sustain the dismissal of a human-rights-violation charge is generally determining whether the decision is arbitrary or capricious, or constitutes an abuse of discretion.  See 
Deen v. Lustig
, 337 Ill. App. 3d 294, 302, 785 N.E.2d 521, 529 (2003).  However, as an administrative agency, the Department has no general or common-law powers; its only powers are those granted to it by the legislature, and any action it takes must be specifically authorized by statute.  
Vuagniaux v. Department of Professional Regulation
, 208 Ill. 2d 173, 186, 802 N.E.2d 1156, 1164 (2003).  "The term 'jurisdiction,' although not strictly applicable to an administrative body, may be used to designate the authority of the administrative body to act."  
Byington v. Department of Agriculture
, 327 Ill. App. 3d 726, 730, 764 N.E.2d 576, 579-80 (2002).  Where an administrative agency acts outside its specific statutory authority, it acts without jurisdiction, and thus, its actions are void.  
Daniels v. Industrial Comm'n
, 201 Ill. 2d 160, 165, 775 N.E.2d 936, 940 (2002).  Whether an administrative agency acts with jurisdiction is a question of law, and the standard of review is 
de
 
novo
.  
Byington
, 327 Ill. App. 3d at 730, 764 N.E.2d at 580.  Construction of a statute is also a matter of law that we review 
de
 
novo
.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).  

Under the Act, a complainant may file a charge alleging a civil-rights violation with the Department.  775 ILCS 5/7A-102(A)(1) (West 2002).  After the respondent receives notice of the charge, the Department fully investigates the allegations set forth therein.  775 ILCS 5/7A-102(C)(1) (West 2002).  Such an investigation is performed by the Director or his or her designated representatives.  775 ILCS 5/7A-102(C) (West 2002).  Section 7A-102 of the Act, which addresses the notice of, response to, and review of charges brought under the Act, states, in pertinent part, the following: 

"The Department 
shall
 require the respondent to file a verified response to the allegations contained in the charge 
within
 
60
 
days
 of receipt of the notice of the charge. *** All allegations contained in the charge not timely denied by the respondent 
shall
 
be
 
deemed
 
admitted
, unless the respondent states that it is without sufficient information to form a belief with respect to such allegation.  The Department 
shall
 issue a notice of default directed to any respondent who fails to file a verified response to a charge within 60 days of receipt of the notice of the charge, unless the respondent can demonstrate good cause as to why such notice should not issue."  (Emphases added.)  775 ILCS 5/7A-102(B) (West 2002). 

After a petitioner is served with respondent's response, he or she is afforded 30 days to file with the Department a reply to that response.  775 ILCS 5/7A-102(B) (West 2002).  

On reasonable notice to the parties, a fact-finding conference is generally held prior to 365 days after the date on which the charge is filed "unless the Director has determined whether there is substantial evidence that the alleged civil rights violation has been committed or the charge has been dismissed for lack of jurisdiction."  775 ILCS 5/7A-102(C)(4) (West 2002).   Any party's failure to attend the conference, except for "good cause," necessarily results in either dismissal or default, as appropriate.   775 ILCS 5/7A-102(C)(4) (West 2002).  "Good cause" is defined as "conditions such that a reasonable person would not attend a fact-finding conference" (56 Ill. Adm. Code §2520.10 (Conway Greene CD-ROM March 2002)) and includes, but is not limited to, death or sudden illness of the petitioner or an immediate family member (56 Ill. Adm. Code 
§
2520.440(d)(3) (Conway Greene March 2002)).  Upon dismissal of a charge, a petitioner may seek review with the Chief Legal Counsel within 30 days of receipt of notice of the dismissal.  775 ILCS 5/7A-102(C)(4) (West 2002).  

Each charge is also subject to an evidentiary report, which Department staff submits to the Director.  775 ILCS 5/7A-102(D)(1) (West 2002).  Based on this report, the Director concludes whether substantial evidence exists that a civil-rights violation has in fact occurred.  775 ILCS 5/7A-102(D)(2) (West 2002).  If the Director concludes no substantial evidence exists to support the charge, he or she is required to dismiss the charge.  Upon dismissal, a petitioner may appeal to the Chief Legal Counsel.  775 ILCS 5/7A-102(D)(2)(a) (West 2002).  If the Director finds that substantial evidence does exist, he or she must designate a Department employee who is an attorney to eliminate the effect of the civil-rights violation and prevent its repetition by means of conference and conciliation.  775 ILCS 5/7A-102(D)(2)(b) (West 2002).  

The language of section 7A-102(B) is clear.  The Department has an affirmative duty to disallow any verified response after 60 days and to enter a notice of default judgment where a respondent cannot show good cause for failing to file a response within the 60-day period (
Wallace v. Human Rights Comm'n
, 261 Ill. App. 3d 564, 569, 633 N.E.2d 851, 854 (1994)).  775 ILCS 5/7A-102(B) (West 2002).  Because all allegations in the petition not 
timely
 denied are admitted pursuant to statute (775 ILCS 5/7A-102(B) (West 2002)), a late-filed verified response, absent good cause, is treated as if no response was filed at all.  
Cf.
 80 Ill. Adm. Code 
§
1120.30(d)(3) (Conway Greene CD-ROM March 2002) (Illinois Educational Labor Relations Board regulation providing that "
[o]n
 
motion
 
of
 
a
 
party
, failure to file a timely answer shall be deemed an admission of all allegations in the complaint" (emphasis added)).  

The Department has not enacted any rule indicating when, if, or how it complies with its duties under section 7A-102(B) as to late-filed verified responses.  The question then arises whether its duty to enforce the 60-day requirement for filing a verified response is 
sua
 
sponte
 or contingent on being raised by a petitioner.  First and foremost, the Act does not provide that a petitioner must file a motion or otherwise raise the issue to trigger the Department's obligation to enforce the statute.  In this case, the Department informed petitioner that it did not entertain motions.  This statement is consistent with the fact that the Department has not promulgated any rule explicitly providing when or if a petitioner may file such a motion at the investigative stage of Department proceedings
.  The vast majority of Human Rights Commission (Commission) decisions further suggest that the duty is 
sua
 
sponte
 rather than one triggered by petition or motion.  We conclude that the Department has a 
sua
 
sponte
 duty to enforce the 60-day period for filing a verified response.

Notwithstanding the above analysis, a distinction must be made whether the 60-day period for filing a verified response is statutory or jurisdictional in nature.  If the requirement is jurisdictional, a petitioner may raise the failure of the Department to comply with its statutory duties at any time, even on appeal.  
Robinson v. Human Rights Comm'n
, 201 Ill. App. 3d 722, 726, 559 N.E.2d 229, 231 (1990).  If the mandate is statutory, the Department must provide a vehicle by which a petitioner can raise the issue before the Department because he or she may forfeit the issue by failing to so inform the Department (
Wallace
, 261 Ill. App. 3d at 569, 633 N.E.2d at 854).

The legislature explicitly stated that the 10-day service requirement under section 7A-102(B) was not jurisdictional.  775 ILCS 5/7A-102(B) (West 2002).  Had the legislature desired to do the same for the time requirements for filing a charge and a verified response, it certainly could have so stated.  However, the absence of specific language stating that a time deadline is not jurisdictional does not necessarily require the inverse inference that the 60-day response period is necessarily jurisdictional.  The court in 
Wallace
 suggests that the response period is statutory where it found a petitioner could forfeit the issue of whether the Department had neglected to require the respondent to file its verified response within such period where he did not raise it before the Department.  
Wallace
, 261 Ill. App. 3d at 569, 633 N.E.2d at 854. 

While the time period for the filing of a charge is jurisdictional (
Graves v. Chief Legal Counsel of the Department of Human Rights
, 327 Ill. App. 3d 293, 296, 762 N.E.2d 722, 724 (2002)), the same does not necessarily hold true for that of filing of a response.  Unlike the filing of a charge, "the filing of a verified response to a charge *** is not a procedural requisite for further proceedings under the Act."  
In re Ufford
, 66 Ill. Hum. Rts. Comm'n Rep. 1992SA0409, at 807 (September 29, 1994) (1994 WL 843712, at *2).  Further, the Department has discretionary authority to refrain from issuing a notice of default 
if
 a respondent shows good cause for the delay.  
775 ILCS 5/7A-102(B) (West 2002).  We find
 that the time period for the filing of a verified response is statutory.

While the 60-day period for filing a response is mandatory, its statutory nature requires that a mechanism be in place under which a petitioner may raise the issue before the Department.  Otherwise, a petitioner is faced with forfeiture of the issue in later proceedings because she failed to so raise the issue where the Department fails to meet its statutory duties.  See 
Wallace
, 261 Ill. App. 3d at 569, 633 N.E.2d at 854.   

Here, the Department has failed to promulgate any rule providing such a vehicle for petitioners.  However, the failure to enact a rule giving effect to a statute does not diminish an administrative agency's duties thereunder.  The Department did not 
sua
 
sponte
 reject DOC's late-filed verified response, nor did it act on petitioner's requests and later formal motion to strike the response and issue a notice to show cause, in derogation of the mandates of section 7A-102(B).  See 775 ILCS 5/7A-102(B) (West 2002).  The Department indicated that it declined to address the motion because it was not a motion-entertaining body.  The Department does not suggest that it issued DOC a notice to show cause or DOC provided good cause for the late filing; rather, it accepted DOC's late-filed response without either issuing any such notice or granting DOC leave to file a late response.  

While the Department may or may not have been required to actually rule on petitioner's motion, it was required to comply with the statute.  Section 7A-102(B) is clear that the Department has no discretion to accept a late-filed verified response without a showing of good cause.  775 ILCS 5/7A-102(B) (West 2002).  The Chief Legal Counsel's sustainment of the acceptance of DOC's verified response without such a showing was erroneous where it contravened legislative intent and exceeded the Department's statutory authority.

The Department contends that the above issue is irrelevant where petitioner failed to show good cause for not attending the fact-finding conference.  Section 7A-102(B) of the Act requires that a petitioner be afforded 30 days to file a reply to a respondent's verified response.  775 ILCS 5/7A-102(B) (West 2002).  Under the Act, "claimants have an opportunity to reply to the respondent's defenses and present reasons why claimant's charge should not be dismissed."  
Lemon v. Tucker
, 695 F. Supp. 963, 970 (N.D. Ill. 1988).  Where the fact-finding conference is the primary opportunity for a petitioner to support any arguments made in her reply, holding the conference before a reply is filed would lead to the absurd result of limiting a petitioner's opportunity to rebut a respondent's defenses and otherwise prove her case.  The Department's interpretation of section 7A-102 of the Act essentially would give effect to subsection (C) addressing fact-finding conference procedures but would render a nullity the provisions of subsection (B) regarding the Department's duties as to late-filed verified responses.  

Petitioner's failure to attend the fact-finding conference does not relieve the Department of its duty to enforce the provisions of section 7A-102(B) requiring DOC to file its verified response within 60 days.  The Department did not issue DOC a notice to show cause, even though 111 days elapsed before DOC filed its response.  The Department has not cited any authority showing that it had the power to accept a late response except under the conditions of section 7A-102(B) of the Act.  The gathering of evidence at a fact-finding conference would be meaningless where timely objection is made and DOC fails to show good cause for the late filing as all facts not timely denied are deemed admitted.  775 ILCS 5/7A-102(B) (West 2002). 

We further reject the Department's argument that the Director would have considered DOC's failure to file its responsive pleading had petitioner attended the fact-finding conference.  While the Department indicated that DOC's late filing would be given due "weight" in its investigative report, that report is to be considered by the Director only in determining whether substantial evidence exists to support the claim.  See 775 ILCS 5/7A-102(D) (West 2002) ("Upon review of the report, the Director shall determine whether there is substantial evidence that the alleged civil rights violation has been committed").  We note also that the Department did not mention the report in its decision.  Whether DOC filed a verified response within 60 days and whether the Department was required to issue a notice to show cause are matters of law.

   The Department exceeded its statutory authority by unconditionally accepting DOC's verified response notwithstanding the failure to show good cause for failing to file it within the mandatory 60-day period.  We direct the Chief Legal Counsel on remand to make a finding as to whether the DOC response was filed late for good cause. 

Under the facts of this case, petitioner's failure to attend the fact-finding conference does not control the outcome of the instant matter.  Ordinarily, failure to appear is an appropriate reason to dismiss a charge.  Petitioner's counsel made no assertion in petitioner's appellate briefs that petitioner would forfeit her right to contest the lateness of the verified response if she attended the hearing.  At oral argument, petitioner's counsel clearly stated that forfeiture would not apply.  In not attending the conference, petitioner thus had nothing to gain by ignoring the Department's administrative authority and everything to lose in the subsequent dismissal of her claim.  Under ordinary circumstances, the Department would have been fully justified in dismissing petitioner's action for failure to appear.

For the reasons stated, we reverse the Chief Legal Counsel's decision sustaining the Department's dismissal of petitioner's claim, reinstate petitioner's charge, and remand to the Chief Legal Counsel with instructions to determine whether there was good cause for failure to file a response and for further proceedings.  Again, nothing in this order should be considered by petitioner as cause for not appearing at a proper hearing.

Reversed and remanded with directions.

KNECHT, P.J., and TURNER, J., concur.