2020 IL App (1st) 191997-U
No. 1-19-1997
Order filed November 23, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| NAOMI RUMBOLT, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | Charge No. 2018 CR 0999 |
| DEPARTMENT OF HUMAN RIGHTS, and GIFTED | ) | |
| CHILDREN ACADEMY, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Walker and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's charge of employment discrimination for lack of jurisdiction is affirmed.

¶ 2    Self-represented petitioner Naomi Rumbolt appeals the final order entered by the Human Rights Commission sustaining the Department of Human Rights' ("DHR") dismissal of her charge of employment discrimination against Gifted Children Academy, her former employer. The

Commission agreed that Rumbolt's charge lacked subject matter jurisdiction because the Academy did not have the required number of employees to meet the definition of "employer" in the Illinois Human Rights Act. On appeal, Rumbolt questions why jurisdiction is lacking when the Equal Employment Opportunity Commission issued her a right to sue notice. Rumbolt also asserts that the Academy had the required number of employees when everyone on the payroll was counted from the Academy's two locations. In addition, Rumbolt requests that if Title VII of the Civil Rights Act of 1964 does not apply, that this court consider her claim under 42 U.S.C. §§ 1981 and 1983.

¶ 3   We affirm. The EEOC's determination was inconclusive on a violation under federal law, and Rumbolt failed to prove that the Academy met the Illinois Human Rights Act's definition of "employer," thus, failing to show the Academy was subject to the requirements of the Act. Finally, as to the federal statutes, our authority is limited to reviewing the final order of the Commission.

¶ 4                        Background

¶ 5   The Academy employed Rumbolt as a teacher assistant at its daycare center from April 2014 until her discharge in May 2017. Rumbolt filed a charge of discrimination with the EEOC and DHR alleging that she was harassed and discharged by the Academy based on her national origin, American ("non-Nigerian"), her age, 57, and her sex, female. She stated that she was subjected to offensive comments about the American culture and her age, and degrading comments based on sex. The EEOC dismissed Rumbolt's charge stating:

>   "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is

in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

The EEOC dismissal also provided Rumbolt with notice of her right to sue the Academy under federal law in federal or state court within 90 days. Rumbolt requested DHR investigate her charge under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. (2018).

¶ 6 In its investigation report, DHR found that the Academy's quarterly reports showed that from January 1, 2016, through December 31, 2017, the Academy employed between 4 and 10 employees monthly, less than the 15 or more employees required for jurisdiction under section 2-101(B)(1)(a). 775 ILCS 5/2-101(B)(1)(a) (West 2016). The Academy indicated it had no state or municipal contracts, and DHR found no record of state contracts. See 775 ILCS 5/2-101(B)(1)(d) (West 2016)). Accordingly, DHR lacked jurisdiction to further investigate, and dismissed Rumbolt's charge.

¶ 7 Rumbolt then requested the Commission to review the dismissal. Rumbolt asserted that the Academy had two locations that should be considered as one entity and underreported its number of employees. She argued that if the Academy had only 4 to 10 employees each month, as found by DHR, the Academy was non-compliant with the licensing standards required by the Department of Children and Family Services. In addition, Rumbolt listed some services used by the Academy and stated that she was unsure whether any of them had state or municipal contracts which would qualify the Academy as an "employer" under the Act. In support of her claims, Rumbolt attached several internet printouts with information about the Academy's business and business license, and printouts from the Academy's website.

¶ 8    DHR responded that its investigation revealed that it did not have jurisdiction to investigate Rumbolt's charge. DHR's investigation showed that Rumbolt alleged that the violation occurred in or around May 26, 2017. The investigation revealed that the Academy did not employ 15 employees in Illinois during the year of or the year preceding the date of the alleged violation. The Academy's "UI-3/40 Quarterly Reports" showed employment of between 4 and 10 employees each month during the relevant period. These reports included the Academy's two locations, which were considered together when DHR determined the number of employees. Further, the Academy was not a public contractor or an eligible bidder. DHR argued (i) Rumbolt failed to demonstrate that it had jurisdiction to investigate her charge, and (ii) she did not provide any additional evidence that warranted reversal of its original determination.

¶ 9    In her written reply, Rumbolt questioned how DHR's findings could differ from the EEOC, which had not found that the Academy failed to meet the definition of "employer" and issued her a right to sue notice. She claimed DHR shifted the investigation's focus from the merits of her discrimination complaint to the number of employees. Rumbolt stated that she also filed a complaint against the Academy with the Illinois Department of Labor alleging an illegal wage deduction and non-payment of benefits. Rumbolt repeated her assertions that the Academy had more than 15 employees between its two locations and that the Academy purposely failed to include several employees in its count to avoid being defined as an "employer" and evade the Act. She again argued that the Academy would not be in compliance with DCFS licensing requirements if it had 4 to 10 employees. Rumbolt asserted that the Academy met the Act's definition of "employer," and that DHR and the Commission had jurisdiction to consider the merits of her charge. Alternatively, Rumbolt requested that if Title VII did not apply to her claim, that her charge

be considered under various sections of the "Reconstruction Era Civil Rights Acts" of the 1870s and the "Civil Rights Act of 1866." Among the many documents attached to her reply were copies of wage reports the Academy submitted to the Illinois Department of Employment Security.

¶ 10    The Commission sustained DHR's dismissal. It noted that DHR's investigation revealed that between January 1, 2016, and December 31, 2017, the Academy employed between 4 and 10 employees monthly. DHR had uncovered no evidence the Academy ever employed 15 or more people for 20 or more calendar weeks, or had state or municipal contracts. As far as the two quarterly wage reports submitted by Rumbolt listing 15 employees receiving payment during those quarters, the Commission found that the reports were not evidence that all 15 employees ever worked at the same time, or at the same time for more than 20 calendar weeks. The Commission further noted that Rumbolt alleged the Academy deliberately kept its employee numbers low to avoid liability under the Act, and possibly violated statutes regulating student to teacher ratios. But, stated the Commission, those alleged harms were not of the type the Act was intended to remedy. The Commission concluded that both it and DHR lacked jurisdiction to proceed.

¶ 11                              Analysis

¶ 12    Rumbolt questions why DHR found a lack of jurisdiction when the EEOC did not make that finding and issued her a right to sue notice. She asserts that the Academy had the required number of employees when everyone on the payroll was counted, and that the Academy's two locations should be consolidated for determining its number of employees. Rumbolt requests that if Title VII does not apply, this court consider her claim under 42 U.S.C. §§ 1981 and 1983.

¶ 13    The State respondents (the Commission and DHR; the Academy did not file an appellee's brief) argue that the dismissal should be affirmed because the Academy did not meet the Act's

definition of "employer." Respondents argue DHR's investigation revealed that the Academy did not have 15 or more employees during the relevant period, and Rumbolt did not present evidence to the contrary. Respondents further argue that there is no inconsistency between their findings and the EEOC's where the EEOC's determination was inconclusive as to whether there was a violation under federal law, and dismissal for lack of jurisdiction followed the Act's requirements.

¶ 14    We review the final order of the Commission, not the decision of DHR. *Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 452 (2009). As an administrative agency, any action DHR takes must be specifically authorized by statute. *Ferrari v. Illinois Department of Human Rights*, 351 Ill. App. 3d 1099, 1103 (2004). An administrative body that acts outside its statutory authority does so without jurisdiction. *Id.* Jurisdiction presents a question of law that we review *de novo*. *Id.*

¶ 15    An administrative agency's factual findings are deemed *prima facie* true and correct and will not be disturbed on review unless they are against the manifest weight of the evidence. *Cook County Sheriff's Office v. Cook County Comm'n on Human Rights*, 2016 IL App (1st) 150718, ¶ 28. Nor will we reweigh the evidence or substitute our judgment for the agency's. *Id.* An agency's factual findings are against the manifest weight of the evidence only where the opposite conclusion is "clearly apparent." *Id.* The agency's decision should be affirmed where the evidence supports it. *Abrahamson, v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992).

¶ 16    The Act prohibits "any employer" from harassing or discharging an employee based on unlawful discrimination. 775 ILCS 5/2-102(A) (West 2016). As applicable in this case, the Act's definition of "employer" includes "[a]ny person employing 15 or more employees within Illinois

during 20 or more calendar weeks within the calendar year of or preceding the alleged violation." 775 ILCS 5/2-101(B)(1)(a) (West 2016). An "employer" also includes "[a]ny party to a public contract without regard to the number of employees." 775 ILCS 5/2-101(B)(1)(d) (West 2016).

¶ 17    The Act grants DHR the authority to "issue, receive, investigate, conciliate, settle, and dismiss charges filed in conformity with this Act." 775 ILCS 5/7-101(B) (West 2016). Similarly, the Act grants the Commission the authority to hear and decide "complaints filed in conformity with this Act." 775 ILCS 5/8-102(G) (West 2016).

¶ 18    An essential element of the claim is status as an "employer" as defined in section 2-101(B)(1)(a). *Aero Services International, Inc. v. Human Rights Comm'n*, 291 Ill. App. 3d 740, 752 (1997). The complainant must present evidence showing that the respondent employer meets the statutory definition of "employer." *Id.* A complainant's failure to do so will result in dismissal of the charge for lack of jurisdiction. *Id.* An employer without the required number of employees is not subject to the Act, and an employer's failure to plead or prove that it is not subject to the Act cannot be used to grant jurisdiction where none lies. *Id.*

¶ 19    The Commission found that DHR's investigation revealed that the Academy employed between 4 and 10 employees each month during the relevant period of January 1, 2016, and December 31, 2017. DHR had not uncovered any evidence that the Academy ever employed 15 or more people for 20 or more calendar weeks during that time. Nor did DHR find that the Academy had any state or municipal contracts. The Commission acknowledged that two of the Academy's quarterly wage reports submitted by Rumbolt listed 15 employees. The Commission found, however, that these reports were not evidence that all 15 of the employees worked at the same time, or at the same time for more than 20 calendar weeks. Our close review of the record

reveals that the Commission's factual findings were not against the manifest weight of the evidence. *Cook County Sheriff's Office*, 2016 IL App (1st) 150718, ¶ 28.

¶ 20    The record shows that Rumbolt did not present any evidence to DHR or the Commission establishing that the Academy employed 15 or more employees during the relevant period, or that the Academy was a party to any public contract. Consequently, Rumbolt failed to prove that the Academy met the statutory definition of "employer," and, thus, failed to establish the Academy was subject to the Act. *Aero Services International, Inc.*, 291 Ill. App. 3d at 752. So neither DHR nor the Commission had the statutory authority to proceed with an investigation into the merits of the charge. *Ferrari*, 351 Ill. App. 3d at 1103. We find that the Commission's dismissal was proper.

¶ 21    In reaching this conclusion, we observe that the record indicates that DHR considered the quarterly wage reports from both locations, and this belies Rumbolt's claim that DHR did not consider both locations when determining the number of employees.

¶ 22    In addition, Rumbolt's assertion that an inconsistency exists in the findings of DHR and the EEOC is without merit. The EEOC's order indicates that its findings were inconclusive as to whether the Academy had violated the federal statutes. DHR and Commission, on the other hand, were bound by their authority to evaluate Rumbolt's charge under the provisions of the Act, a state law, for which the Academy did not meet the definition of an "employer."

¶ 23    Finally, we decline Rumbolt's alternative request to consider her charge under the federal "Reconstruction Statutes." Our review is limited to reviewing the Commission's final order. (*Budzileni*, 392 Ill. App. 3d at 452), which only heard and decided charges filed under the Act (775 ILCS 5/8-102(G) (West 2016)).

¶ 24    Affirmed.