NOTICE
Decision filed 02/26/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200037-U

NO. 5-20-0037

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JOHN BUMPHUS, | ) | On petition for Direct |
| | ) | Administrative Review of |
| Petitioner, | ) | an Order of the Illinois |
| | ) | Human Rights Commission. |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS HUMAN RIGHTS COMMISSION, | ) | Charge No. 2016SR2090 |
| ILLINOIS DEPARTMENT OF HUMAN | ) | EEOC No. 440-2015-01744 |
| RIGHTS, and UNIQUE PERSONNEL | ) | ALS No. 16-0276 |
| CONSULTANTS, | ) | |
| | ) | |
| Respondents.          . | ) | |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the decision of the Illinois Human Rights Commission that sustained the Illinois Department of Human Rights' dismissal of petitioner's discrimination charge for lack of jurisdiction.

¶ 2     Petitioner, John Bumphus, filed a *pro se* petition for direct administrative review from a final decision of the Illinois Human Rights Commission (Commission), which sustained the decision of the Illinois Department of Human Rights (Department) dismissing Bumphus's discrimination charge against respondent, Unique Personnel Consultants (Unique), for lack of jurisdiction. For the reasons that follow, we affirm.

1

¶ 3                                    I. Background

¶ 4     On August 6, 2015, Bumphus filed a *pro se* charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), alleging that, on or about July 17, 2015, while working as a line production coordinator for Unique, he was denied a reasonable accommodation for his "disability related condition." Bumphus further alleged that his employment was terminated after he provided Unique with a doctor's note in support of his request for a reasonable accommodation, in violation of his civil rights under the Americans with Disabilities Act of 1990 (ADA) as amended (see 42 U.S.C. § 12101 *et seq.* (2012)).

¶ 5     On December 21, 2015, while Bumphus's discrimination charge remained pending before the EEOC, the Department purportedly sent Bumphus a letter advising that his charge of discrimination had been automatically filed with the Department. The letter further advised that Bumphus had 30 days from receipt of the EEOC's findings to send a copy of the findings to the Department.[1]

¶ 6     On December 23, 2015, following an investigation, the EEOC sent Bumphus a letter of dismissal and notice of rights, advising that it had issued a determination on his charge of discrimination. In the letter, the EEOC explained that the information obtained during its investigation failed to establish violations of the statutes.[2]

¶ 7     Several months later, on March 8, 2016, Bumphus sent the Department a request for investigation, along with a copy of the EEOC's December 23, 2015, letter. Bumphus requested the

_____

[1]Neither the Department's December 21, 2015, letter nor proof of service have been included in the record on appeal; however, the letter is described in other documents of record, including the Department's investigation report, the Department's response to Bumphus's request for review, and the Commission's order.

[2]Neither the EEOC's December 23, 2015, letter of dismissal and notice of rights nor proof of service have been included in the record on appeal, but Bumphus acknowledges receipt of the letter in his opening brief. The letter is also described in the Department's response to Bumphus's request for review and the Commission's order.

Department to investigate the same charge of discrimination that had been dismissed by the EEOC.[3]

¶ 8    On March 22, 2016, prior to receiving a response from the Department, Bumphus filed a complaint against Unique, and other parties, in federal court. In the complaint, Bumphus alleged, *inter alia*, that Unique had discriminated against him in connection with their employment relationship by failing to accommodate his disability and by discharging him based on his disability.[4]

¶ 9    On April 12, 2016, the Department sent Bumphus a notice of dismissal for lack of jurisdiction. The Department also enclosed a copy of its investigation report, which provided as follows:

"On August 6, 2015, Complainant [(Bumphus)] filed a charge with the [EEOC] alleging that a civil rights violation had been committed. On December 21, 2015, staff mailed Complainant a letter stating that Complainant's charge was automatically filed with the Department and that Complainant had 30 days from receipt of [the] EEOC's findings to send the Department a copy; the letter was not returned as undeliverable. On March 8, 2016, Complainant submitted to the [Department] a copy of [the] EEOC's findings.

Section 7A-102(A-1)(1) of the Human Rights Act states that Complainant must submit to the Department a copy of the EEOC's determination within 30 days after service on Complainant. Therefore, Complainant's EEOC determination was not timely filed."

_____

[3]A copy of Bumphus's March 8, 2016, request for investigation is not included in the record but is mentioned in Bumphus's July 14, 2016, request for review by the Commission of the Department's dismissal and in the Department's subsequent response to Bumphus's request.

[4]A copy of the Bumphus's federal complaint has not been included in the record on appeal. A description of the lawsuit is contained in the parties' briefs. Although Bumphus included a copy of the complaint in his "Appendix A," it does not appear that the parties have filed a stipulation, pursuant to Illinois Supreme Court Rule 329 (eff. July 1, 2017), or otherwise moved to supplement the record on appeal with the complaint.

The Department's notice of dismissal further advised Bumphus that the filing deadline for review by the Commission was July 18, 2016.

¶ 10   On July 14, 2016, Bumphus filed with the Commission a request for review of the Department's dismissal. In the request for review, Bumphus admitted that he "submitted to the [Department] a copy of the EEOC Notice of Right to Sue" but failed to timely file a copy of the EEOC's determination to the Department. Bumphus provided the following explanation:

> "On December 21, 2015, staff mailed the legally unrepresented *pro se* Complainant a letter stating that Complainant's charge was automatically filed with the [Department] and that Complainant had 30 days from receipt of [the] EEOC's findings to send the [Department] a copy; the legally unrepresented *pro se* Complainant, upon receipt of the [Department] letter, contacted the [Department] Pre-Investigations Coordinator by telephone, and erroneously misunderstood that the 'EEOC findings' was a reference to the EEOC case information file ***. On January 13, 2016, after having not yet received the aforementioned case information file, the unrepresented *pro se* Complainant contacted James F. Neely, Jr., Director of the St. Louis District Office of the EEOC, and formally requested, under the Freedom of Information Act (FOIA), 5 U.S.C. § 522, the full disclosure of all previously unreleased information and documents controlled by that office pertaining to the above-mentioned charge. On February 22, 2016, the St. Louis, Missouri, EEOC formally and electronically released the file *** to the unrepresented *pro se* Complainant ***. The unrepresented *pro se* complainant was then, again, erroneously under the mistaken impression that he had 30 days from the February 22, 2016 date to download, print, and deliver the entire EEOC electronic release. Accordingly, while in the process of trying to download, compile and coordinate for mailing the contents of his

EEOC case file for 'timely' forwarding to the [Department], he subsequently again contacted the [Department] Pre-Investigations Coordinator by telephone, to inquire as to whether, or not, the EEOC transmission could simply be forwarded, to meet the findings presentation requirement. It was then explained, to the unrepresented *pro se* Claimant's embarrassed chagrin, that the EEOC Notice of Right to Sue, which he had already received on December 23, 2015, was the only required document for the [Department] investigation to commence. On March 8, 2016, the unrepresented *pro se* Claimant submitted to the [Department] a copy of the EEOC Notice of Right to Sue."

Additionally, after alleging several substantive reasons as to why his charge had merit, and, therefore, should not have been dismissed, Bumphus stated the following:

"On March 22, 2016, the disabled unrepresented *pro se* Claimant filed Case No.: 16-3 12-SMY-DGW, as a *pro se* Plaintiff in the East St. Louis, Illinois Office of United States Federal District Court for the Southern District of Illinois. Federal District Court Judge Staci M. Yandle has stated, in her April 14, 2016[,] Memorandum and Order, that a preliminary review of the *pro se* Plaintiff disabled unrepresented *pro se* Claimant's Complaint found that it sets forth sufficient facts to state a plausible claim. The disabled unrepresented *pro se* Claimant is concerned that his applicable standing for claims against the Respondent, and their hired agency entities, under Illinois State Law might be at risk of being lost if his [Department] case is relinquished, withdrawn, or dismissed."

¶ 11    On March 20, 2019, after receiving the Department's response to Bumphus's request for review and Bumphus's reply to the Department's response, the Commission entered an order sustaining the Department's dismissal of Bumphus's charge of discrimination for lack of

5

jurisdiction. Bumphus subsequently filed a petition for direct administrative review of the Commission's order.[5]

¶ 12                                    II. Analysis

¶ 13    Before turning to the merits, we note that Bumphus failed to comply with the briefing requirements set forth in Illinois Supreme Court Rule 341(h) (eff. May 25, 2018). For instance, in violation of Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018), Bumphus's statement of facts fails to reference the appropriate pages of the record and contains improper argument and ardent comments. Also, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), Bumphus refers to matters outside of the record.

¶ 14    Although proceeding *pro se* on appeal, Bumphus is nonetheless required to comply with our supreme court rules. See *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. We may strike a brief and dismiss the appeal for failure to comply with the rules. *Marzano v. Department of Employment Security*, 339 Ill. App. 3d 858, 861 (2003). However, striking an appellate brief "is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15. Because we have the benefit of a shorter, albeit incomplete, record on appeal, and we have cogent briefs with proper citations to the record from Unique and the State (the Commission and the Department), we choose to entertain the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (despite insufficiency in appellant's

---

[5]Bumphus originally filed a petition for direct administrative review in the Second District Appellate Court on April 24, 2019. On that court's own motion, the appeal was transferred to the Fifth District Appellate Court because the alleged civil rights violations occurred in the Fifth District, and the venue provision of the Illinois Human Rights Act provides that "[p]roceedings for judicial review shall be commenced in the appellate court for the district wherein the civil rights violation which is the subject of the Commission's order was allegedly committed." 775 ILCS 5/8-111(B)(3) (West 2018).

brief, the reviewing court entertained the appeal where the intended issues could be "readily ascertained from the record on appeal"). We now turn to the merits.

¶ 15    We find it necessary to begin our analysis by clarifying the issue before this court. On direct administrative review, Bumphus challenges the Commission's order sustaining the Department's dismissal of his discrimination charge for lack of jurisdiction. Where, as here, the Department dismisses a charge as untimely filed, a petitioner may request review of that dismissal by the Commission. 775 ILCS 5/8-103(A)(1) (West 2018). A final decision by the Commission is subject to direct administrative review by this court. *Id.* § 8-111(B)(1). Our review in this matter is limited to the Commission's decision; thus, we will not review the Department's decision. *Truger v. Department of Human Rights*, 293 Ill. App. 3d 851, 858 (1997). In addition, we are limited to considering the evidence contained in the administrative record and may not hear additional evidence for or against the agency's decision. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532 (2006).

¶ 16    A charge of discrimination alleges a civil rights violation, as defined in section 6-101(A) of the Illinois Humans Right Act (Act). 775 ILCS 5/6-101(A) (West 2016). The Act is the "exclusive source for redress of civil rights violations." *Village of Maywood Board of Fire & Police Commissioners v. Department of Human Rights*, 296 Ill. App. 3d 570, 581 (1998). Except for limited exceptions not relevant to the disposition of this case, the Commission is vested with exclusive jurisdiction over the subject of alleged civil rights violations. 775 ILCS 5/8-111(D) (West 2018). Moreover, because the Department is an administrative agency, any action it takes must be specifically authorized by statute. *Ferrari v. Department of Human Rights*, 351 Ill. App. 3d 1099, 1103 (2004). An administrative body that acts outside its statutory authority does so without jurisdiction. *Id.*

7

¶ 17    Section 7A-102(A-1)(1)(iv) of the Act provides that "the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant." 775 ILCS 5/7A-102(A-1)(1)(iv) (West 2018). It is well settled that "compliance with [a] statutory time limit is a condition precedent to the right to seek a remedy" before an administrative body, and that it is a prerequisite to the acquisition of subject matter jurisdiction. *Weatherly v. Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003); see also *Pickering v. Human Rights Comm'n*, 146 Ill. App. 3d 340, 352 (1986) (an administrative agency, like a court of limited jurisdiction, can only act "pursuant to the authority conferred on it by statute").

¶ 18    Here, Bumphus concedes, and the record confirms, that he sent a "late and untimely" copy of the EEOC's December 23, 2015, determination to the Department on March 8, 2016, well past the 30-day deadline required by the Act. Because compliance with a statutory time limit is a prerequisite to the acquisition of subject matter jurisdiction, the Commission properly determined that the Department lacked jurisdiction to review the charge.

¶ 19    Despite this, Bumphus requests that the Commission's decision sustaining the Department's dismissal be reversed and the matter remanded for an investigation of his discrimination charge. In support, Bumphus argues—for the first time on appeal—that, pursuant to section 7A-102(G)(4) of the Act (775 ILCS 5/7A-102(G)(4) (West 2016)), the Department's administrative proceedings should have been stayed after he filed his federal lawsuit on March 22, 2016.

¶ 20    As noted, Bumphus relies on section 7A-102(G)(4) of the Act (*id.*), which was in effect at the time he filed his federal civil rights lawsuit against Unique and other parties.[6] Section 7A-102(G)(4) stated that "[t]he Department shall stay any administrative proceedings under this

---

[6]Section 7A-102(G)(4) of the Act was amended by Public Act 100-1066, § 5 (eff. Aug. 24, 2018). See 775 ILCS 5/7A-102 (West 2018).

Section after the filing of a civil action by or on behalf of the aggrieved party under any federal or State law seeking relief with respect to the alleged civil rights violation." *Id.*

¶ 21 Ordinarily, an administrative agency's decision is entitled to deference; however, the amount of deference afforded to the administrative agency's decision depends upon whether the question presented is a question of fact, a question of law, or a mixed question of law and fact. *Marconi*, 225 Ill. 2d at 532. An agency's rulings on questions of law are reviewed *de novo. City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998). Similarly, the determinative issue before us presents a purely legal question for which our review is *de novo*. See *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010) ("Whether there is substantial compliance with a statutory provision is a question of law and our review is *de novo*.").

¶ 22 Here, the Commission properly sustained the Department's dismissal for lack of jurisdiction without considering whether the administrative proceedings should have been stayed pursuant to section 7A-102(G)(4). We reiterate that, although Bumphus filed a federal civil rights lawsuit against Unique prior to the Department's dismissal, Bumphus's failure to timely send a copy of the EEOC's determination to the Department was a necessary prerequisite to establishing the Department's jurisdiction. Thus, the Department was not authorized from the outset to start its investigation of Bumphus's charge, and there were no administrative proceedings that could arguably be stayed under section 7A-102(G)(4). Thus, Bumphus's contention fails.

¶ 23 Moreover, as the State correctly notes, Bumphus failed to raise this issue before the Commission. The record is devoid of any evidence that Bumphus notified the Department of the federal lawsuit or requested the Department to enter a stay. While Bumphus asserts in his reply brief that he notified the Commission of his general concern that his "applicable standing for claims against [r]espondent *** might be at risk of being lost if his [Department] case is

9

relinquished, withdrawn, or dismissed," none of Bumphus's filings with the Commission assert that the proceedings should have been stayed. Moreover, none of Bumphus's filings with the Commission reference section 7A-102(G)(4) of the Act. Thus, we find Bumphus waived review of the issue. See *Smith v. Department of Professional Regulation*, 202 Ill. App. 3d 279, 287 (1990) ("The waiver rule specifically requires first raising an issue before the administrative tribunal rendering a decision from which an appeal is taken to the courts."); see also *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278 (1998) (arguments not raised before the administrative agency will not be considered for the first time on administrative review).

¶ 24    Lastly, we note that Unique asserts in its brief that, because Bumphus's petition for direct administrative review is frivolous, this court should impose sanctions. Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) states, *inter alia*, that: "A reviewing court may impose a sanction upon a party or an attorney for a party upon the motion of another party or parties, or on the reviewing court's own initiative where the court deems it appropriate." Under Illinois Supreme Court Rule 137(b) (eff. Jan. 1, 2018), a court may grant sanctions under two different circumstances: "(1) when a pleading, motion, or other paper is not well grounded in fact or is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or (2) when it is interposed for purposes such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." (Internal quotation marks omitted.) *People v. Stefanski*, 377 Ill. App. 3d 548, 551 (2007). We note that Unique did not file a motion for sanctions in this matter. Additionally, after careful consideration of the briefs, the record, and the proceedings in this court, we decline to sanction Bumphus on our own initiative. We simply do not view Bumphus's request for direct administrative review, taken as a whole, as not warranted in a good-faith argument for extension of section 7A-102(G)(4) of the Act (775 ILCS 5/7A-102(G)(4) (West 2016)) or that his

10

primary purpose was to "delay, harass, or cause needless expense" (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)).

¶ 25                                    III. Conclusion

¶ 26     For the foregoing reasons, we affirm the Commission's March 20, 2019, order sustaining the Department's dismissal for lack of jurisdiction of Bumphus's discrimination charge.


¶ 27     Affirmed.